UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Karen Parker-Barns,<br><br>               Plaintiff,<br>vs.<br><br>Sunrise Auto Outlet, Inc. dba Baron Auto Emporium,<br><br>               Defendant. | Civil Case No.: |

For this Complaint, the Plaintiff Karen Parker-Barns, by undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1. This is an action by the purchaser of a vehicle distributed, warranted, and sold by the Sunrise Auto Outlet, Inc. dba Baron Auto Emporium ("Sunrise").

2. Plaintiff purchased her 2015 Mercedes-Benz AMG G63 ("Vehicle") with numerous undisclosed defects which Defendant refused to repair. As a result, the Vehicle is undriveable.

3. The Plaintiff would not have purchased the Vehicle had she been made aware of the Vehicle's defects.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties

and the amount in controversy exceeds $75,000.00.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District; this District is where Defendant directs and controls warranty repairs on covered vehicles and this District is where Defendant made repeated misrepresentations to Plaintiff and where Defendant concealed certain material information from Plaintiff.

## PARTIES

7. Plaintiff Karen Parker-Barns is an adult individual residing in East Orange, New Jersey. Thus, Plaintiff is a citizen of New Jersey.

8. Defendant Sunrise Auto Outlet, Inc. dba Baron Auto Emporium (hereafter "Sunrise") is a business entity with a principle place of business located at 22 Mineola Avenue, Roslyn Heights, New York, and is engaged in the business of selling, warranting and servicing motor vehicles within the jurisdiction of this Court. Sunrise is a New York corporation with a principle place in Roslyn Heights, New York. Thus, Sunrise is a citizen of New York.

## FACTUAL ALLEGATIONS

9. On December 30, 2021, Plaintiff purchased a used 2015 Mercedes-Benz AMG G63, vehicle identification number WDCYC7DFXFX235145 (hereafter the "Vehicle") from Sunrise.

10. The total sales price for the Vehicle was $90,000.00 excluding options, fees, taxes, and other charges.

11. At the time of purchase the Vehicle's odometer read about 65,000 miles.

12. At the time of purchase, Sunrise provided Plaintiff with a ninety (90) day warranty.

13. At the time of purchase, Plaintiff test-drove the Vehicle and felt a vibration, however the Defendant's sales representative assured Plaintiff such vibration was "normal" for this type of a car, and Plaintiff relied on such assurance when she proceeded with completing the Vehicle purchase.

14. Following her taking delivery of the Vehicle on December 30, 2021, the vibration grew worse, so on January 18, 2022, Plaintiff took her vehicle to Mercedes-Benz of Caldwell dealership in Caldwell, New Jersey ("Mercedes of Caldwell").

15. Mercedes of Caldwell inspected the Vehicle, discovered numerous defects, and provided Plaintiff with an estimate of $13,563.99 to correct such defects.

16. Specifically, Mercedes of Caldwell found the following Vehicle components were defective and required repair or replacement: transfer case input driveshaft, transfer case and transmission mounts, power steering reservoir and hoses, low pressure hose at the steering box, the steering box, and a hood strut.

17. On or about February 5, 2022, Plaintiff returned her the Vehicle to Sunrise and requested Sunrise to correct all defects identified by Mercedes of Caldwell.

18. During that visit, Sunrise assured Plaintiff it would repair all the defects.

19. However, several days later Sunrise called Plaintiff and told her Sunrise will not cover all the repairs under its ninety (90) day warranty.

20. To date, the Vehicle remains at Sunrise, still unrepaired.

21. On February 28, 2022, Plaintiff, through her counsel, mailed Sunrise a letter revoking her acceptance of the Vehicle.

22. This letter was delivered March 3, 2022.

23. To date, Defendant has provided no response to the letter.

## FIRST CAUSE OF ACTION
### Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

26. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

27. The Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

28. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

29. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the Vehicle within a reasonable time and without charge to the Plaintiff.

30. Despite repeated demands, Defendant has failed to remedy the Vehicle's defects within a reasonable time, thereby breaching the written and implied warranties applicable to the Vehicle.

31. As a result of Defendant's breach of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time and without charge to Plaintiff, Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability pursuant to N.Y. UCC § 2-314

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant is a merchant with respect to motor vehicles.

34. The Vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and N.Y. UCC § 2-314, running from the Defendant to the Plaintiff.

35. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

36. Defendant breached the implied warranty of merchantability in that the Vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the Vehicle is unfit for the ordinary purposes for which such vehicles are used.

37. Indeed, the Vehicle suffers from defects with its steering and its powertrain, which is a significant safety concern in that it prevents the Vehicle's from being safely operated on the public roads.

38. Plaintiff notified Defendant of the defects in the Vehicle within a reasonable time after Plaintiff discovered them.

39. As a result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

## THIRD CAUSE OF ACTION
### Breach of Express Warranty pursuant to N.Y. UCC § 2-313

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. In connection with the sale of the Vehicle to the Plaintiff, Defendant provided the Plaintiff with a ninety (90) days warranty.

42. Plaintiff relied on Defendant's warranty when she agreed to purchase the Vehicle and Defendant's warranty was part of the basis of the bargain.

43. Plaintiff submitted the Vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of its written warranty provided to the Plaintiff, by failing to repair the Vehicle's defects within a reasonable period of time under the Vehicle's warranty as described herein.

44. Plaintiff has given the Defendant reasonable opportunity to cure said defect, but Defendant has been unable to do so within a reasonable time.

45. As a result of said nonconformities, the Plaintiff cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable and efficient transportation.

46. The Plaintiff could not reasonably have discovered said nonconformities with the Vehicle prior to Plaintiff's acceptance of the Vehicle.

47. The Plaintiff would not have purchased the Vehicle, or would have paid less for the Vehicle, had she known, prior to the respective time of purchase, that the Vehicle contained the defects identified herein.

48. As a direct and proximate result of the failure of the Defendant to comply with its obligations under the warranty, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of the Vehicle, and a diminution in the value of the Vehicle containing the defects identified herein.

## FOURTH CAUSE OF ACTION
**Violation of Gen. Bus. Law Section 198-b – New York Lemon Law**

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Plaintiff is a "consumer" as defined in N.Y. Gen Bus. Law § 198-b(a)(1).

51. At all times relevant hereto the Vehicle was a "used motor vehicle" for purposes of N.Y. Gen. Bus. Law § 198-b.

52. The Defendant is a "dealer" as defined in N.Y. Gen Bus. Law § 198-b(a)(3).

53. During the first 60 days or 3,000 miles of operation, the Vehicle has been out of service for at least 15 days by reason of repairs, but the defects continue to exist.

54. The defects in the Plaintiff's Vehicle substantially impair its use, safety and value to the Plaintiff.

55. The Defendant has been unable to repair such defects within reasonable amount of time.

56. As a result of Defendant's breach the Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
### Violation of V.T.L. § 417 – Warranty of Serviceability

57. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The Defendant is a merchant with respect to used motor vehicles.

59. By selling a Vehicle to the Plaintiff, the Defendant certified that the Vehicle is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.

60. The Vehicle was in fact in defective condition at the time of delivery and unable to render, under normal use, satisfactory and adequate service upon the public highway.

7

61. By delivering a false certificate knowing the same to be false or misleading or by failing to make an appropriate inspection to determine whether the contents of such certificate are true the Defendant violated N.Y. Veh. & Traf. Law § 417.

62. As a result of said violation the Plaintiff has been damaged.

### SIXTH CAUSE OF ACTION
**Revocation of Acceptance – N.Y. U.C.C. Law § 2-608**

63. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Plaintiff reasonably assumed, and Defendant represented, that all of the aforesaid defects would be cured within a reasonable time.

65. After substantial passage of time when Defendant attempted to cure, it has become apparent that said defects cannot be seasonably cured.

66. The defects substantially impair the use, safety and value of the Vehicle to the Plaintiff.

67. The Plaintiff has previously notified Defendant of said defects and of Plaintiff's intent to revoke acceptance and demand return of the purchase price of said Vehicle.

68. Defendant has nevertheless refused to accept return of the Vehicle and has refused to refund Plaintiff's purchase price.

69. As a result of said refusal the Plaintiff has been damaged.

## SEVENTH CAUSE OF ACTION
### Unlawful and Deceptive Practice - N.Y. Gen. Law § 349

70. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. The sale of the Vehicle to the Plaintiff under the guise that it was free from defects that would substantially impair the use, safety, or value of the Vehicle represents an unlawful or deceptive trade practice under N.Y. Gen. Law § 349.

72. The Defendant violated N.Y. Gen. Law § 349 in one or more of the following ways:

   a. Making of fraudulent and/or negligent representations, as herein before alleged;

   b. Representing the subject vehicle to be of good, merchantable quality, free of defects, when in fact it was not;

   c. Representing that the repairs could be performed properly, within a reasonable time, when Defendant knew or, in the exercise of reasonable care, should have known that this was not the case; and

   d. Failing to reveal material facts including but not limited to the nature of the nonconformities and defects complained of herein.

73. The Defendant is in the business of selling private automobiles and therefore the violations are likely to affect the general public, now and in the future.

74. The Defendant violated the law willfully and knowingly.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a. An order approving revocation of acceptance or rescission of the purchase of the Vehicle;

b. Money damages, in the form of a refund of the full contract price, including, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c. Equitable relief including, but not limited to, repair of the defective Vehicle with an extension of the express and implied warranties, and service contracts which are or were applicable to the Vehicle, in the event that Plaintiff is not found to be entitled to revocation;

d. Incidental and consequential damages;

e. Treble and punitive damages;

f. Reasonable attorney's fees;

g. Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 27, 2022

Respectfully submitted,

By: /s/ Vlad Hirnyk
Vlad Hirnyk, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*