UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Karen Parker-Barnes,<br><br>      Plaintiff,<br><br>vs.<br><br>Sunrise Auto Outlet, Inc. dba Baron Auto Emporium,<br><br>      Defendant. | Civil Case No.: 2:22-cv-02397-GRB-ARL |

**FIRST AMENDED COMPLAINT**

For this First Amended Complaint, the Plaintiff Karen Parker-Barnes, by undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1. This is an action by the purchaser of a 'lemon' vehicle warranted and sold by the Sunrise Auto Outlet, Inc. dba Baron Auto Emporium ("Sunrise").

2. Plaintiff purchased her 2015 Mercedes-Benz AMG G63 ("Vehicle") with numerous undisclosed defects which Defendant refused to repair. The defects in the vehicle substantially impair its use, value and safety.

3. The Plaintiff would not have purchased the Vehicle had she been made aware of the Vehicle's defects.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District; this District is where Defendant directs and controls warranty repairs on covered vehicles and this District is where Defendant made repeated misrepresentations to Plaintiff and where Defendant concealed certain material information from Plaintiff.

## PARTIES

7. Plaintiff Karen Parker-Barnes is an adult individual residing in East Orange, New Jersey. Thus, Plaintiff is a citizen of New Jersey.

8. Defendant Sunrise Auto Outlet, Inc. dba Baron Auto Emporium (hereafter "Sunrise") is a business entity with a principle place of business located at 22 Mineola Avenue, Roslyn Heights, New York, and is engaged in the business of selling, warranting and servicing motor vehicles within the jurisdiction of this Court. Sunrise is a New York corporation with a principle place in Roslyn Heights, New York. Thus, Sunrise is a citizen of New York.

## FACTUAL ALLEGATIONS

**A. Vehicle Purchase**

9. On or about August 9, 2021, Sunrise purchased a used 2015 Mercedes-Benz AMG G63, vehicle identification number WDCYC7DFXFX235145 (hereafter the "Vehicle") at an auto auction and then offered the Vehicle for sale on its dealer lot.

10. Then, on December 30, 2021, Plaintiff purchased the Vehicle from Sunrise.

11. The total sales price for the Vehicle was $90,000.00 excluding options, fees, taxes, and other charges.

12. At the time of purchase the Vehicle's odometer read about 65,000 miles.

13. At the time of purchase, Sunrise provided Plaintiff with a ninety (90) day warranty covering the Vehicle (the "90-day Warranty").

14. Defendant's 90-day Warranty covered the whole Vehicle and did not contain any exclusions, limitations, or conditions.

15. At the time of purchase, Plaintiff test-drove the Vehicle and felt a vibration, however the Defendant's sales representative Rafin assured Plaintiff such vibration was "normal" for this type of a car, and Plaintiff relied on such assurance when she proceeded with completing the Vehicle purchase.

**B. Discovery of Vehicle Defects and Defendant's Failure and Refusal to Repair**

16. Following her taking delivery of the Vehicle on December 30, 2021, on her drive home to New Jersey, the engine temperature gauge started to creep up.

17. Same day, Plaintiff sent a text message to Defendant's sales represenattive Rafin with a photograph asking if her the Vehicle was not overheating, but Rafin responded "No no that's normal." *See* Image 1.

[CONTINUED ON THE NEXT PAGE]



*Image 1*

18.     Concerned with the presence of Vehicle vibrations that grew worse, Plaintiff called both Rafin and the Sunrise's owner Fred on or about January 12, 2022, and again on or about January 26, 2022.

19.     Plaintiff said she wanted to discuss the Vehicle's defects and inquire when she could bring the Vehicle back to the Defendant for repairs. However, both Rafin and Fred either failed to return Plaintiff's calls or would not tell her when she could bring the Vehicle back to Sunrise.

20.     In the meantime, on January 18, 2022, Plaintiff took her vehicle to Mercedes-Benz of Caldwell dealership in Caldwell, New Jersey (the "Mercedes of Caldwell") for an inspection and diagnosis only.

21. The Mercedes of Caldwell inspected the Vehicle, documented numerous defects, and provided Plaintiff with an estimate of $13,563.99 to correct such defects.

22. Specifically, the Mercedes of Caldwell found the following Vehicle components were defective and required repair or replacement: transfer case input driveshaft, transfer case and transmission mounts, power steering reservoir and hoses, low pressure hose at the steering box, the steering box, and a hood strut.

23. With Sunrise still not giving Plaintiff a date when she can take the Vehicle to the Defendant for repairs, Plaintiff brought her Vehicle to Sunrise on or about February 5, 2022, and requested Sunrise to correct all defects identified by the Mercedes of Caldwell.

24. During that visit, Sunrise assured Plaintiff it would repair all the defects.

25. When Plaintiff followed up on the status of Vehicle repairs on February 9, 2022, Rafin responded the Vehicle was in the shop.

26. On or about February 18, 2022, Plaintiff called the Defendant and asked for an update on the Vehicle repairs.

27. Defendant's employee Petals responded that Sunrise had to order the parts to perform Vehicle repairs.

28. Separately, Rafin texted Plaintiff on or about February 18, 2022: "Your truck will be fixed."

29. However, on February 22, 2022, Sunrise's Owner Fred called Plaintiff and said Defendant will not repair all of the defects from the Mercedes of Caldwell list as such were not covered under the Defendant's 90-day Warranty. Fred did not specify which repairs Defendant would cover.

30. With Defendant having refused to repair all of the Vehicle defects, Plaintiff, through her counsel, mailed Sunrise a letter on February 28, 2022, wherein she revoked her acceptance of the Vehicle.

31. This letter was delivered to the Defendant on March 3, 2022, but Defendant provided no response.

32. Then, on April 29, 2022, Sunrise called the Plaintiff and said Defendant's technician would be calling the Plaintiff in a few days to advise when the Vehicle was ready for pick up.

33. On May 3, 2022, Defendant called Plaintiff and said Sunrise repaired the defect causing abnormal Vehicle vibration and the Vehicle was ready for pick up. In the same conversation, Defendant also told Plaintiff it had discovered a leak under the hood and the Vehicle would not be ready for pick up until May 7, 2022.

34. Plaintiff then came to the Dealership on May 7, 2022 to pick up the Vehicle and spoke to Joe, the Defendant's mechanic. Plaintiff questioned Joe what repairs were performed and asked for a written work order listing such repairs.

35. In response, Joe said the Defendant would write down repairs it performed and would email such written account to the Plaintiff.

36. To date, despite numerous requests, the Defendant failed to provide a written account of repairs it performed when it kept the Vehicle from February 5, 2022 until May 7, 2022.

37. When Plaintiff left the Sunrise in her Vehicle on May 7, 2022, she experienced abnormal Vehicle vibration again. In addition, several days later a check engine light appeared on the Vehicle's instrument cluster.

**C. Additional Vehicle Diagnosis by Mercedes-Benz Authorized Dealers**

38. On May 19, 2022, Plaintiff returned the Vehicle to the Mercedes of Caldwell for inspection and diagnosis.

39. The Mercedes of Caldwell verified a checking engine light was on and replaced ignition coil number six (6).

40. In addition, in response to the vibration complaint, the Mercedes of Caldwell provided Plaintiff with a list of recommended repairs and further steps to take to diagnose the source of abnormal vibration – at a cost of about $3,000.00 – such as performing an engine compression and leak down tests.

41. Following the May 19, 2022, visit to the Mercedes of Caldwell, the check engine light returned.

42. On June 21, 2022, Plaintiff took the Vehicle to Ray Catena of Union, an authorized Mercedes-Benz dealership (hereinafter "Ray Catena Mercedes"), for a second opinion and asked it to diagnose the vibration problem in the Vehicle.

43. Ray Catena Mercedes confirmed the check engine light being on and that the Vehicle had an abnormal vibration.

44. Specifically, Ray Catena Mercedes' Service Advisor James Rogers told Plaintiff the Vehicle had been previously brought to Ray Catena Mercedes in February 2021 for an abnormal vibration and during that visit Ray Catena Mercedes replaced the transfer case.

45. However, that repair has not resolved the abnormal vibration and upon further inspection Ray Catena Mercedes found metal shavings in both differentials and quoted the

7

prior Vehicle owner about $40,000 to have differentials replaced. Prior owner declined to pay about $40,000 to replace the differentials.

46. Ray Catena Mercedes told Plaintiff the differentials were still the source of the abnormal vibration in the Vehicle as such differentials had not been replaced and provided Plaintiff with a repair quote of $38,666.34.

## FIRST CAUSE OF ACTION
**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301,** *et seq.*

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

49. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

50. The Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

51. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

52. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the Vehicle within a reasonable time and without charge to the Plaintiff.

53. Despite repeated demands, Defendant has failed to remedy the Vehicle's defects within a reasonable time, thereby breaching the written and implied warranties applicable to the Vehicle.

54. As a result of Defendant's breach of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time and without charge to Plaintiff, Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability pursuant to N.Y. UCC § 2-314

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendant is a merchant with respect to motor vehicles.

57. The Vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and N.Y. UCC § 2-314, running from the Defendant to the Plaintiff.

58. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

59. Defendant breached the implied warranty of merchantability in that the Vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the Vehicle is unfit for the ordinary purposes for which such vehicles are used.

60. Indeed, the Vehicle suffers from defects with its engine and differentials, and other defects previously discussed, which is a significant safety concern in that it prevents the Vehicle's from being safely operated on the public roads.

61. Plaintiff notified Defendant of the defects in the Vehicle within a reasonable time after Plaintiff discovered them.

62. As a result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

## THIRD CAUSE OF ACTION
### Breach of Express Warranty pursuant to N.Y. UCC § 2-313

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. In connection with the sale of the Vehicle to the Plaintiff, Defendant provided the Plaintiff with a ninety (90) days warranty.

65. Plaintiff relied on Defendant's warranty when she agreed to purchase the Vehicle and Defendant's warranty was part of the basis of the bargain.

66. Plaintiff submitted the Vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of its written warranty provided to the Plaintiff, by failing to repair the Vehicle's defects within a reasonable period of time under the Vehicle's warranty as described herein.

67. Plaintiff has given the Defendant reasonable opportunity to cure said defects, but Defendant has been unable to do so within a reasonable time.

68. As a result of said nonconformities, the Plaintiff cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable and efficient transportation.

69. The Plaintiff could not reasonably have discovered said nonconformities with the Vehicle prior to Plaintiff's acceptance of the Vehicle.

70. The Plaintiff would not have purchased the Vehicle, or would have paid less for the Vehicle, had she known, prior to the respective time of purchase, that the Vehicle contained the defects identified herein.

71. As a direct and proximate result of the failure of the Defendant to comply with its obligations under the warranty, Plaintiff has suffered actual and consequential damages.

Such damages include, but are not limited to, the loss of the use and enjoyment of the Vehicle, and a diminution in the value of the Vehicle containing the defects identified herein.

## FOURTH CAUSE OF ACTION
### Violation of Gen. Bus. Law Section 198-b – New York Lemon Law

72. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The Plaintiff is a "consumer" as defined in N.Y. Gen Bus. Law § 198-b(a)(1).

74. At all times relevant hereto the Vehicle was a "used motor vehicle" for purposes of N.Y. Gen. Bus. Law § 198-b.

75. The Defendant is a "dealer" as defined in N.Y. Gen Bus. Law § 198-b(a)(3).

76. During the first 60 days or 3,000 miles of operation, the Vehicle has been out of service for over ninety (90) days by reason of repairs to, amongst other defects, front and rear drive axle housings and internal parts, but the defects continue to exist.

77. The defects in the Plaintiff's Vehicle substantially impair its use, safety and value to the Plaintiff.

78. The Defendant has been unable to repair such defects within reasonable amount of time.

79. As a result of Defendant's breach the Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
### Violation of V.T.L. § 417 – Warranty of Serviceability

80. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The Defendant is a merchant with respect to used motor vehicles.

82. By selling a Vehicle to the Plaintiff, the Defendant certified that the Vehicle is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.

83. The Vehicle was in fact in defective condition at the time of delivery and unable to render, under normal use, satisfactory and adequate service upon the public highway.

84. By delivering a false certificate knowing the same to be false or misleading or by failing to make an appropriate inspection to determine whether the contents of such certificate are true the Defendant violated N.Y. Veh. & Traf. Law § 417.

85. The defects in the Plaintiff's Vehicle substantially impair its use, safety and value to the Plaintiff.

86. The Defendant has been unable to repair such defects within reasonable amount of time.

87. As a result of said conduct the Plaintiff has been damaged.

### SIXTH CAUSE OF ACTION
**Revocation of Acceptance – N.Y. U.C.C. Law § 2-608**

88. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. Plaintiff reasonably assumed, and Defendant represented, that all of the aforesaid defects would be cured within a reasonable time.

90. After substantial passage of time when Defendant attempted to cure, it has become apparent that said defects cannot be seasonably cured.

91. The defects substantially impair the use, safety and value of the Vehicle to the Plaintiff.

12

92. The Plaintiff has previously notified Defendant of said defects and of Plaintiff's intent to revoke acceptance and demand return of the purchase price of said Vehicle.

93. Defendant has nevertheless refused to accept return of the Vehicle and has refused to refund Plaintiff's purchase price.

94. As a result of said refusal the Plaintiff has been damaged.

### SEVENTH CAUSE OF ACTION
### Unlawful and Deceptive Practice - N.Y. Gen. Law § 349

95. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

96. The sale of the Vehicle to the Plaintiff under the guise that it was free from defects that would substantially impair the use, safety, or value of the Vehicle represents an unlawful or deceptive trade practice under N.Y. Gen. Law § 349.

97. The Defendant violated N.Y. Gen. Law § 349 in one or more of the following ways:

   a. Making of fraudulent and/or negligent representations, as herein before alleged;

   b. Representing the subject vehicle to be of good, merchantable quality, free of defects, when in fact it was not;

   c. Representing that the repairs could be performed properly, within a reasonable time, when Defendant knew or, in the exercise of reasonable care, should have known that this was not the case; and

   d. Failing to reveal material facts including but not limited to the nature of the nonconformities and defects complained of herein.

98. The Defendant is in the business of selling private automobiles and therefore the violations are likely to affect the general public, now and in the future.

99. The Defendant violated the law willfully and knowingly.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a. An order approving revocation of acceptance or rescission of the purchase of the Vehicle;

b. Money damages, in the form of a refund of the full contract price, including, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c. Equitable relief including, but not limited to, repair of the defective Vehicle with an extension of the express and implied warranties, and service contracts which are or were applicable to the Vehicle, in the event that Plaintiff is not found to be entitled to revocation;

d. Incidental and consequential damages;

e. Treble and punitive damages;

f. Reasonable attorney's fees;

g. Such other and further relief as this Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 15, 2022

Respectfully submitted,

By:  */s/ Vlad Hirnyk*
Vlad Hirnyk, Esq.
LEMBERG LAW, L.L.C.


                                    43 Danbury Road  
                                    Wilton, CT 06897  
                                    Telephone: (203) 653-2250  
                                    Facsimile:  (203) 653-3424  
                                    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 15, 2022, a true and correct copy of the foregoing First Amended Complaint was served electronically by the U.S. District Court for the Eastern District of New York Electronic Document Filing System (ECF) and that the document is available on the ECF system.

      By */s/ Vlad Hirnyk*
          Vlad Hirnyk