UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KAREN PARKER-BARNES,

                    Plaintiffs,                    **REPORT AND**
                                                                                          **RECOMMENDATION**
      -against-                            22-CV-2397 (GRB) (ARL)

SUNRISE AUTO OUTLET, INC. d/b/a BARRON
AUTO EMPORIUM,

                    Defendant.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      On April 27, 2022, plaintiff Karen Parker-Barnes ("Plaintiff") commenced this action pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), to recover damages arising out of her purchase of a vehicle containing undisclosed defects. ECF No. 1. Defendant Sunrise Auto Outlet, Inc. dba Baron Auto Emporium ("Defendant") filed an answer on June 22, 2022. ECF No. 9. On August 13, 2022, Plaintiff filed an Amended Complaint, ECF No. 13, which Defendant answered on August 25, 2022. ECF Nos. 13, 15. The matter was referred to mediation and all discovery was stayed on September 21, 2022, however the referral to mediation was withdrawn at Plaintiff's request and a discovery schedule was set.

      Defendant's participated in this litigation has been minimal from the outset. This Court met with the parties regarding the outstanding discovery on March 28, 2023 and Defendant represented to the Court that discovery would be forthcoming. Despite that representation, no interrogatory responses or documents were produced. Because of Defendant's refusal to comply with its discovery obligations, Plaintiff was forced to again move for an order compelling Defendant to proceed with discovery. Defendant failed to respond to that motion to compel and this Court directed Defendant to provide complete interrogatory responses and produce

documents requested by Plaintiff no later than June 30, 2023.  Plaintiff moved to compel discovery once again, arguing that on June 30, 2023, "Defendant submitted supplemental discovery responses that reiterate the same disallowed boilerplate objections, failed to provide complete responses to interrogatories, and produced merely two records, which are the records Plaintiff produced to Defendant just a month prior."  ECF No. 36.  When Plaintiff objected to this production, Defendant's sole response is Plaintiff's counsel "may not like the responses but they are the responses that our client gave to the demands made by the plaintiff's counsel."  ECF No. 37.

On August 30, 2023, this Court once again directed Defendant to supplement its discovery responses to include complete answers and produce any documents withheld on the basis of any objection other than privilege.  ECF No. 40.  Additionally, Defendant was cautioned that its failure to comply with this Order would result in the imposition of monetary sanctions.  *Id.*  Finally, the Court put Defendant on notice that since Defendant has been afforded multiple opportunities to fully respond to Plaintiff's discovery requests, preclusion of evidence would be the appropriate sanction here in the event Defendant is found to have violated this Court's order compelling Defendant to provide complete interrogatory responses and produce documents.  *Id.*

Plaintiff once again moved to compel discovery on September 21, 2023.  ECF No. 41.  Plaintiff's motion was denied based upon Defendant's representation that a thorough search had been conducted and no additional documents existed.  ECF No. 45.  On March 25, 2024, Plaintiff filed a pre-motion conference request seeking permission to move for summary judgment.  ECF No. 47.  The next day, District Judge Brown set a briefing schedule on the motion for summary judgment, directing Defendant to respond by April 8, 2024.  Rather than respond to the motion, counsel for Defendant moved to withdraw as counsel.  ECF Nos. 48, 50.

By order dated May 3, 2024, this Court granted counsel's motion to withdraw, noting that Sunrise Auto has failed to communicate with counsel concerning the ongoing litigation and has failed to remit payment for invoices since November 1, 2023.  ECF No. 54.  Defendant Sunrise Auto was cautioned that it was required to appear by counsel by June 3, 2024 or it would be considered in default and was further cautioned that its failure to comply with this directive would result in a Report and Recommendation to Judge Brown that Sunrise Auto's answer be stricken and default judgment be entered against it.  *Id*.  Defendant was served with a copy of the order.  ECF No. 55.  To date, Defendant has not appeared by counsel and has not responded in anyway to the motion for summary judgment.

Rule 16(f) authorizes a court to impose sanctions, including those permitted by Rule 37(b)(2)(A)(ii)-(vii), when a party fails to appear at a court-ordered conference or fails to obey other pretrial orders. Such sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). When considering whether to impose sanctions under Rules 16 and 37, courts look to several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance."  *Sanchez v. Jyp Foods Inc*., 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at \*3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 (2d Cir. 2009)).  Any sanction short of striking Defendants' answer, such as, prohibiting certain defenses, or finding certain facts in favor of plaintiffs would be "an exercise in futility," since Defendant has not responded to court orders, or otherwise defended this action. *Sanchez*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at \*4 (quoting *Koch v. Rodenstock*,

2010 U.S. Dist. LEXIS 49054, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 49031, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)) ("Defendants' repeated noncompliance with court orders and failure to engage with the Court indicates that any lesser sanction would be 'an exercise in futility[.]'").

Given the course of conduct referenced above, it is apparent to the undersigned that Defendant is unwilling to engage in this litigation and that any lesser sanction than default judgment would merely delay Plaintiff's eventual recovery. In addition, Defendant has been explicitly warned of the consequences of noncompliance. Accordingly, the Court reports and recommends that Defendant's answer be stricken and a default judgment be entered against Sunrise Auto Outlet, Inc. d/b/a Barron Auto Emporium.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. Defendants must file its objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Brown prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir.

1996).

Dated:  Central Islip, New York
        July 9, 2024

                                                                            _____/s_____
                                                                            ARLENE R. LINDSAY
                                                                            United States Magistrate Judge